UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20743-RAR

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**EMMANUEL JACKSON AND
TARRESSE LEONARD**,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER was referred by United States District Judge Robert M. Scola to United States Magistrate Judge Edwin G. Torres [ECF No. 39] on March 5, 2019 for a Report and Recommendation on Defendant Emmanuel Jackson's Motion to Suppress Physical Evidence and Statements [ECF No. 38] filed on March 3, 2019 ("Motion to Suppress"). After conducting an evidentiary hearing on April 23, 2019 regarding Defendant's Motion to Suppress, Magistrate Judge Torres filed a Report and Recommendation [ECF No. 57] on May 1, 2019 ("Report"). In his Report, Magistrate Judge Torres recommends that the Motion to Suppress be denied. Defendant Emmanuel Jackson filed Objections to the Report [ECF No. 64] on May 13, 2019 ("Objections"), and this matter is ripe for resolution.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court must therefore conduct a *de novo* review if a party files "a proper, specific objection" to a factual finding contained

in the report and recommendation. *See, e.g., Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. *See Macort*, 208 F. App'x at 784. Legal conclusions are subject to *de novo* review even if no party specifically objects. *U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 347 (11th Cir. 1982). Mindful of the standard of review, the Court has carefully considered and reviewed the Report, Defendant's Objections, the entire file and record, and conducted a *de novo* review of the issues raised by Defendant's Objections.

## **ANALYSIS**

Given that Defendant did not own or rent the residence where the search took place, Magistrate Judge Torres appropriately began his analysis by focusing on whether Defendant has standing to challenge the officers' entry into the residence. Magistrate Judge Torres properly found that Defendant does not have a reasonable expectation of privacy in the home and is therefore forestalled from claiming the protection of the Fourth Amendment. U.S. Const. amend IV. Mere familiarity with the tenant who leases the home, combined with the fact that Defendant received a six second phone call immediately prior to his arrest on May 18, 2018, is wholly insufficient to establish a reasonable expectation of privacy. *See U.S. v. Merricks*, 572 F. App'x 753, 757 (11th Cir. 2014); *Mays v. Davenport*, 560 F. App'x 958, 963 (11th Cir. 2014).

Assuming Defendant has standing, Magistrate Judge Torres also addressed Defendant's contention that the officers lacked probable cause to arrest him and enter the residence. Magistrate Judge Torres correctly rejected this argument, finding the record evidence submitted— coupled with the detective's credible testimony—established the existence of probable cause to

warrant arrest from the standpoint of an objective reasonable police officer. *See U.S. v. Chanthasouxat*, 342 F.3d 1271, 1275-77 (11th Cir. 2003). Further, Magistrate Judge Torres correctly concluded that the existence of exigent circumstances permitted the warrantless entry of the residence based upon the hot pursuit doctrine and the risk of harm to the public. *See U.S. v. Ramos*, 933 F.2d 968, 972 (11th Cir. 1991); *see also Shamaeizadeh v. Cunigan*, 338 F.3d 535, 548 (6th Cir. 2003).

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation on Defendant's Motion to Suppress [ECF No. 57] is **AFFIRMED AND ADOPTED**. Accordingly, Defendant's Motion to Suppress [ECF No. 38] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of May, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record