UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20743-RAR

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**EMMANUEL JACKSON AND
TARRESSE LEONARD,**

    Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT TARRESSE LEONARD'S MOTION TO SUPPRESS

THIS MATTER was referred by United States District Judge Robert M. Scola to United States Magistrate Judge Edwin G. Torres [ECF No. 46] on March 7, 2019 for a Report and Recommendation on Defendant Tarresse Leonard's ("Leonard") Motion to Suppress Physical Evidence and Statements [ECF No. 59] filed on March 3, 2019 ("Motion to Suppress").

After conducting an evidentiary hearing on April 23, 2019 regarding Leonard's Motion to Suppress, Magistrate Judge Torres filed a Report and Recommendation [ECF No. 62] on May 8, 2019 ("Report"). In his Report, Magistrate Judge Torres recommends that the Motion to Suppress be denied. On May 21, 2019, Leonard filed Objections to the Report [ECF No. 68] ("Objections"). Specifically, Leonard seeks to suppress a firearm, ammunition, cocaine, and cocaine base found pursuant to a search warrant obtained by law enforcement on May 18, 2018. The Government filed a Response to Leonard's Objections [ECF No. 73] on June 1, 2019 ("Response") and Leonard filed a Reply thereto on June 4, 2019 [ECF No. 76]. This matter is now ripe for resolution.

**STANDARD OF REVIEW**

If a party files "a proper, specific objection" to a factual determination contained in a report and recommendation, the district court must conduct a *de novo* review of the findings. *See, e.g., Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). Legal conclusions are subject to *de novo* review even if no party specifically objects. *U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 347 (11th Cir. 1982). Mindful of the standard of review, the Court has carefully considered the entire file[1] and record, and specifically conducted a *de novo* review of the issues raised by Leonard's Objections.

**ANALYSIS**

Leonard sets forth three overall objections: (i) the Report "fails to recognize certain salient facts"; (ii) the Report fails to analyze the *Franks* claim raised by Leonard; and (iii) the Report fails to address whether Leonard's post-arrest statements should be suppressed as "'fruit of the poisonous tree[,]' resulting from an illegal arrest warrant." Objections at 2-9. The Court, having carefully conducted an independent review of the exhibits and testimony introduced during the evidentiary hearing before Magistrate Judge Torres on April 23, 2019, as well as the transcript of said hearing [ECF No. 58], finds Leonard's objections unsupported by the record. The Court shall address each objection in turn.

*i. Record evidence rebuts Leonard's various assertions.*

With respect to the factual findings in the Report, Leonard raises 18 objections and maintains that the Report "misapprehends" certain allegations. Objections at 3-5. As an initial

---

1 Including all exhibits introduced by the Government during the suppression hearing, apart from the guns and drugs found in the residence, which have been provided to the Court for *in camera* review.

matter, Leonard notes numerous factual inaccuracies in the Report. However, the discrepancies noted by Leonard in his Objections are clerical in nature, and do not affect the substance of the recommendations made by Magistrate Judge Torres. For example, the Report incorrectly refers to Leonard's children and incorrectly states Leonard was charged with brandishing a firearm. *See, e.g.,* Objections at 3; Response at 10. Although this information is inaccurate, neither misrepresentation impacts the resolution of the Motion to Suppress.

More importantly, the remaining "factual" objections raised by Leonard are conclusively rebutted by the record. *See* Response at 10-12. For example, Leonard argues the police reports and post-arrest statement from his co-defendant, Emmanuel Jackson ("Jackson"), prove that Jackson, not Leonard, claimed ownership of the drugs. *See* Objections at 3; Response at 10. However, neither item was presented as evidence at the suppression hearing. *Id.* Leonard also contends the search warrant's supporting affidavit showed no connection between Leonard and the residence, but the affidavit did establish a connection between Jackson and the residence in support of probable cause. *See* Objections at 4; Response at 11. Therefore, Leonard's argument that the Report is somehow based on "unsubstantiated or inaccurate" facts is without merit.

### ii. Leonard is not entitled to a Franks evidentiary hearing.

"[T]o prevail in a *Franks* challenge, a defendant must establish (1) that information contained in an affidavit was untrue, (2) that inclusion of the untrue information was either deliberate or in 'reckless disregard for the truth,' and (3) that the untrue information was an essential element of the probable cause showing relied upon by the judicial officer in issuing the search warrant." *O'Ferrell v. United States*, 253 F.2d 1257, 1267 (11th Cir. 2001) (citation omitted); *see also Franks*, 438 U.S. at 171-72 (noting that to mandate a *Franks* evidentiary hearing,

defendant must set forth "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof").

In support of his *Franks* claim, Leonard contends that had the judicial officer who issued the search warrant known Jackson confessed ownership of the drugs found in the couch, she would not have approved the warrant. However, Leonard's argument suffers from a fatal flaw: Jackson did not claim the drugs were his until *after* the search warrant was submitted to the state circuit court for review. During the suppression hearing, Detective Paul-Noel specifically testified about the timing of the search warrant. *See* [ECF No. 58] at 79-78. Throughout his testimony, Detective Paul-Noel never confirmed that the search warrant was submitted for approval *prior* to Jackson's interview as argued by Leonard. In fact, video evidence confirms that Jackson did not make his confession until approximately 8:09 PM, and the search warrant was submitted for review at 7:41 PM. *See* Response at 14.

Leonard's contention that Jackson spontaneously stated that "[a]ll the drugs are mine" immediately upon arrest is also unsupported by the record. Detective Paul-Noel's testimony at the suppression hearing further contradicts Leonard's argument because he never confronted Jackson with such a statement during his post-arrest interview. Rather, Detective Paul-Noel asked Jackson if he wanted to exonerate E.C., a female who rents the residence and lives there with her minor children. And immediately thereafter, Jackson confessed that the drugs were his and said he didn't want anyone else to get in trouble for his crimes. *See* Response at 13; *see also* [ECF No. 68-2].

Consequently, Leonard has not established that Detective Noel-Paul (the affiant in this case) provided information that he knew or should have known was false. Therefore, Leonard's *Franks* claim warrants denial and he is not entitled to an evidentiary hearing.

Nonetheless, even if Jackson's admission had been included in the affidavit, probable cause would still have existed to search the residence. In his affidavit, Detective Paul-Noel stated that he observed Jackson pointing a gun at a crowd of people before going back into the residence where law enforcement ultimately apprehended him. During a pat down search, drugs were found on Jackson's person and in plain view. Therefore, the facts in the affidavit—even if Jackson's confession had been included—would be more than enough to establish probable cause. *Franks*, 438 U.S. at 171-72 ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."); *United States v. Novaton*, 271 F.3d 968, 987 (11th Cir. 2001) (noting insignificant or immaterial misrepresentations or omissions will not invalidate a search warrant, and no *Franks* hearing is required if there remains sufficient content to support a finding of probable cause).

### *iii. Leonard's statements are not fruit of the poisonous tree.*

Lastly, Leonard objects to the Report's failure to "address the suppression of [his] post-arrest statements as 'fruit of the poisonous tree' resulting from an illegal search warrant." Objections at 9. Leonard asserts that "because the officers made an illegal entry into the residence then illegally obtained a search warrant for the rest of the house," his video-recorded post-arrest statements must be suppressed. *Id.* However, as explained above, the search warrant in this case was fully supported by probable cause and therefore, valid.

### **CONCLUSION**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation on Defendant Tarresse Leonard's Motion to Suppress Physical Evidence and Statements [ECF No. 59] is hereby

**AFFIRMED AND ADOPTED**. Accordingly, Defendant Leonard's Motion to Suppress [ECF No. 59] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of June, 2019.

                                             **RODOLFO RUIZ**
                                             **UNITED STATES DISTRICT JUDGE**

cc: counsel of record