UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20743-RAR

**UNITED STATES OF AMERICA**

v.

**TARRESSE LEONARD,**

  Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CORRECT

**THIS CAUSE** comes before the Court upon Defendant's Motion to Correct Portions of the Record Pursuant to Rule 36 of the Fed. R. Crim. P. [ECF No. 205] ("Motion"). The Court having reviewed said Motion and being otherwise duly advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as explained herein.

## ANALYSIS

In his Motion, Defendant seeks to correct an "inaccurate statement" in his Presentence Investigation Report ("PSR") because it is "penalizing him by keeping him at a certain custody level" within the Bureau of Prisons ("BOP"). Mot at 5-6. Specifically, Defendant maintains the "inaccurate statement" in the PSR is that he "tested positive for cannabinoids on January 14, 2019." *Id.*; *see also* PSR [ECF No. 172] at ¶ 97. Defendant requests that the Court correct this "clerical error" under Rule 36 of the Federal Rules of Criminal Procedure. *Id.*

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. In the Eleventh Circuit, "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (quotations omitted). "Indeed, Rule 36 is meant to correct errors that are 'minor and mechanical' in nature." *United States v. Gomez*, 700 F. App'x

963, 965 (11th Cir. 2017) (quoting *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004)). In *Gomez*, the Eleventh Circuit affirmed the district court's denial of a similar Rule 36 motion, which "requested a substantive, not clerical, change to his PSR." *Id.* "Defendant's request for correction of his PSR pertaining to the alleged erroneous application . . . in calculating his guideline range is not 'minor and mechanical in nature,' as it would substantively alter his guideline range. Because Rule 36 cannot be used to make a substantive change, the district court properly denied Defendant's motion." *Id.* (quoting *Portillo*, 363 F.3d at 1165).

Here, although the request for correction does not impact Defendant's guideline range, an alteration to Defendant's prior drug screening results is substantive in nature. Indeed, its substantive nature is readily apparent, given that Defendant's positive drug test is currently impacting his custody level with the BOP. Mot. 5-6. "In order to fall within the scope of Rule 36, the requested change must be *clerical* or it must correct an error that resulted from *oversight or omission*." *United States v. Jones*, 704 F. App'x 843, 845 (11th Cir. 2017) (internal quotations and citation omitted) (emphasis added).

Changing the result of a prior drug test as reflected in Defendant's PSR—which Defendant himself characterizes as a "request . . . to challenge his PSR," Mot. at 5—is a substantive alteration that did not arise from oversight or omission. *Id.* (noting that a change is not clerical if it is not "minor [or] mechanical in nature") (citing *Portillo*, 363 F.3d at 1165); *see also United States v. Rice*, 784 F. App'x 714, 717 (11th Cir. 2019) (noting that "examples of clerical errors include arithmetic mistakes . . . misstated statute numbers . . . and discrepancies between a district court's oral and written judgments" and "[t]he record does not show that the facts in paragraph 34 of the [PSR] were included by mistake or that the parties agreed that they never occurred.") (internal citations omitted).

Additionally, "[i]f a defendant does not specifically and clearly object to facts in the PS[R], he waives any objection to them." *Rice*, 784 F. App'x at 717 (citing *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam)). Thus, even if the Court *did* have the authority to grant Defendant relief under Rule 36, it would be compelled to deny the instant Motion. Defendant did not timely object to paragraph 97 of the PSR at sentencing, so he waived his objection to that fact and is deemed to have admitted it. *See* Transcript of Sentencing Hearing [ECF No. 192] at 36:7–21.

## CONCLUSION

As explained herein, modifying paragraph 97 would substantively alter Defendant's PSR, thereby indicating that the alleged error falls outside the ambit of Rule 36. Given this impermissible implementation of Rule 36, coupled with the fact that Defendant waived his present objection to paragraph 97 at sentencing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Correct Portions of the Record Pursuant to Rule 36 of the Fed. R. Crim. P. [ECF No. 205] is **DENIED**.[1]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of August, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also makes a passing reference to Rule 32, stating that "[i]n addition, Mr. Leonard request[s] that [his Motion be] granted pursuant to Rule 32(i)(3)(C) of the Fed. R. Crim. P." Mot. at 7. However, as explained herein, the Court has complied with Rule 32 in this case and no further relief is warranted. Rule 32 requires a district court at sentencing to make determinations as to *disputed* facts in a PSR and "[f]or any finding that the district court makes under Rule 32(i)(3)(B), the sentencing court must 'append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.'" *United States v. Space*, 325 F. App'x 801, 802 (11th Cir. 2009) (quoting Fed. R. Crim. P. 32(i)(3)(C)). As explained herein, paragraph 97 was *undisputed* at sentencing. *See United States v. Worley*, 729 F. App'x 850, 851 (11th Cir. 2018) ("Facts contained in the PS[R] are considered undisputed and deemed to have been admitted unless a party clearly and specifically objects to them before the sentencing court.") (citation omitted).